**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

JOSE LOPEZ CUEVAS,

        Plaintiff,

    v.

DOUGLAS SCOTT HUNNELL,

        Defendant.

_____

1:19-cv-00034

TO:    David J. Cattie, Esq.
          Martial A. Webster, Esq.
          Sanford A. Schulman, Esq.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court upon Defendant's "Motion for Order Compelling Independent Medical Examination of Plaintiff by Defendant at the Office of Defense Expert in Christiansted, VI" (ECF No. 37). Plaintiff opposes the motion (ECF No. 38). Defendant did not file a reply, and the time do so has now passed.

Plaintiff alleges that on May 27-28, 2019, he was stabbed by Defendant at the Renaissance Carambola Beach at Estate Davis Bay, St. Croix. (ECF No. 1). Because the injuries suffered by Plaintiff are contested, Defendant requests that Plaintiff submit to an Independent Medical Examination ("IME") and has identified a local doctor who would perform said examination. (ECF No. 37 at 1).

However, Plaintiff asserts that he now resides in Nevada (ECF No. 38 at 1). Thus, he argues, Defendant should be required to find a Nevada physician who can conduct the IME. Defendant, however, counters that because the cause of action arose in the Virgin Islands—

*Cuevas v. Hunnell*
1:19-cv-00034
Order
Page 2

where the witnesses, hospital records, and prospective jurors reside—the IME must take place in the Virgin Islands.

Under Federal Rule of Civil Procedure 35(a), the Court may order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner" upon a showing of good cause. Fed. R. Civ. P. 35(a)(1)-(2).  According to the Supreme Court, "[a] plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."  *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).  Here, there is no dispute that Plaintiff's physical condition is at issue, and Defendant has shown good cause under Rule 35(a) for the exam.

However, that is not the end of the analysis, at least not in 2020, as COVID-19 continues to surge, disrupting the nation's public health.  Under the current circumstances, Plaintiff raises a valid public safety concern for not wanting to submit to the IME in St. Croix, which would require him to travel by air, subjecting him to increased risk of exposure to the virus.

The situation regarding the pandemic is fast-moving, and today's concerns regarding air travel will be different than those in the coming months.  As such, the parties should rigorously monitor the pandemic over the next 60 days to assess when it will be appropriate and safe for Plaintiff to fly to St. Croix for the IME.

*Cuevas v. Hunnell*
1:19-cv-00034
Order
Page 3

**WHEREFORE**, it is now hereby **ORDERED**:

1. Defendant's "Motion for Order Compelling Independent Medical Examination of Plaintiff by Defendant at the Office of Defense Expert in Christiansted, VI" (ECF No. 37) is **GRANTED IN PART AND DENIED IN PART**.

2. The Court grants Defendant's motion insofar as it requests that Plaintiff submit to an IME on St. Croix at a time to be determined.

**3.** The parties shall submit a Status Report regarding the safety and logistics of Plaintiff's travel arrangements to St. Croix by no later than **September 28, 2020 at 5:00 p.m.**

ENTER:

Dated: July 27, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE